IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-03028-PAB-CBS

JEFF SIROVATKA,

      Plaintiff,

v.

BUDGET CONTROL SERVICES, INC., and
DOES 1-10,

      Defendants.

---

**ORDER**

---

      This matter is before the Court on the motion for summary judgment [Docket No. 17] of defendant Budget Control Services, Inc. ("BCS").  The motion is fully briefed and ripe for disposition.

## I.  BACKGROUND

      Unless otherwise indicated, the following facts are not in dispute:  Plaintiff incurred a debt that was assigned to BCS on November 3, 2010.  BCS contacted plaintiff regarding the debt by phone during the day on more than one occasion during the first weeks of November 2010, with plaintiff returning calls on November 3, 2010 at 2:32 p.m; on November 15, 2010 at 4:26 p.m.; and on November 17, 2010 at 2:33 p.m. *See* Docket No. 17-2.  BCS never called in the middle of the night or early in the morning.  Plaintiff knew that BCS could sue him to collect the debt.  Furthermore, plaintiff recalls no false statements made by BCS.  At the time of the phone calls,

plaintiff worked as an athletic trainer at Mountain Vista High School.  Plaintiff called

BCS regarding the debt while he was at work.[1]  He has no knowledge of any policy of

his employer that would prohibit making such calls.  Plaintiff, however, testified that

defendant called him at work after he informed defendant not to do so, thus violating

the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and

parallel provisions of the Colorado Fair Debt Collection Practices Act ("CFDCPA"), Colo.

Rev. Stat. § 12-14-101 *et seq*.

## II.  SUMMARY JUDGMENT

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when

the "movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson*

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City &*

*County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of*

*Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010).  A

disputed fact is "material" if under the relevant substantive law it is essential to proper

disposition of the claim.  *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir.

2001).  Only disputes over material facts can create a genuine issue for trial and

preclude summary judgment.  *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198

(10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a

reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee,* 119

---

[1]Plaintiff clarifies that he did not make these calls from his work telephone, but rather placed them from his personal phone.  *See* Docket No. 18 at 3, ¶ 6; Docket No. 17-1 at 14 [Sirovatka Depo. at 56, ll. 15-18.].

F.3d 837, 839 (10th Cir. 1997).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

## III. DISCUSSION

In his first amended complaint, plaintiff alleged violations of seven subsections of the FDCPA and the parallel provisions of the CFDCPA.  On October 25, 2011, the parties filed a joint status report [Docket No. 25] informing the Court that, pursuant to the Final Pretrial Order [Docket No. 23], plaintiff is only proceeding with his claims for violation of 15 U.S.C. §§ 1692c(a)(1) and 1692c(a)(3).  *See* Docket No. 25 at 1; *see also* Docket No. 23 at 12 ("[T]his Final Pretrial Order will control the subsequent course of this action and the trial . . . .  The pleadings will be deemed merged herein.").  The parties agree that "all other claims addressed in Defendant's Motion for and Brief in Support of Summary Judgement are deemed moot."  Docket No. 25 at 1.  Therefore, the Court only addresses plaintiff's § 1692c(a)(1) and § 1692c(a)(3) claims.

Section 1692c(a)(1) of Title 15 of the United States Code provides as follows:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location[.]

Plaintiff admits that defendant did not call him outside of the presumptively convenient times provided in § 1692c(a)(1).  *See Sigala v. Arrow Financial Services, LLC*, 2007 WL

642955, at *5 (S.D. Cal. Feb. 22, 2007) ("A time is presumed to be convenient if made between the hours of 8:00 a.m. and 9:00 p.m.").  Nor does plaintiff dispute that defendant would have no basis to know that calling him at work was inconvenient until it was informed that such was the case.  Furthermore, in response to defendant's motion for summary judgment, plaintiff does not cite § 1692c(a)(1) as a "relevant" provision, *see* Docket No. 18 at 4, and thereafter limits his arguments to § 1692c(a)(3).  *See id.* at 7-8 (presenting arguments limited to the subject matter of § 1692c(a)(3) and summarizing those arguments as asserting a violation of "§1692(3)(a)(c)").  Plaintiff may not simply rest upon the allegation in the Final Pretrial Order that "Defendant violated Fair Debt Collection Practices Act at § 1692c(a)(1), by calling Plaintiff at a place and time known to be inconvenient to consumer (his place of work after he specifically told the debt collector not to call him there)." Docket No. 23 at 2; *see Conkleton v. Zavaras*, No. 08-cv-02612-WYD-MEH, 2010 WL 3002048, at *2 (D. Colo. May 24, 2010) (a party responding to a properly supported motion for summary judgment "may not rest on the allegations contained in the pleadings, but must respond with specific facts showing a genuine factual issue for trial") (citing Fed. R. Civ. P. 56(e); *Hysten v. Burlington Northern & Santa Fe Ry. Co.*, 296 F.3d 1177, 1180 (10th Cir. 2002)).  The Court, therefore, will grant defendant summary judgment on plaintiff's claims pursuant to § 1692c(a)(1) of the FDCPA and § 12-14-105(1)(a) of the CFDCPA.

   The claims that remain are plaintiff's claims pursuant to § 1692c(a)(3) of the FDCPA and § 12-14-105(1)(c) of the CFDCPA.  Section 1692c(a)(3) prohibits contacting a consumer regarding a debt without consent "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's

4

employer prohibits the consumer from receiving such communication."  15 U.S.C.

§ 1692c(a)(3); *see* Colo Rev. Stat. § 12-14-105(1)(c) (same).  Plaintiff contends that

defendant violated § 1692c(a)(3) by calling him at work after he told a representative of

defendant that he could not talk to him at work.[2]  Defendant concedes that, if there is

evidence to support that contention, summary judgment on its § 1692c(a)(3) claim

would be inappropriate.  *See* Docket No. 17 at 8 (citing *Horkey v. J.V.D.B. &*

*Associates, Inc.*, 333 F.3d 769, 773 (7th Cir. 2003), for the proposition that "the

collection agency should not have contacted the consumer after she informed it that

she could not discuss the debt at work and she would call the collection agency from

home").[3]  The evidence plaintiff cites in support of the contention is the following

testimony from his deposition:

> Q.  Did you tell them not to call you at work?
> A.  Yes I did.
> Q.  Notwithstanding, did they call you at work after that?

---

[2]The plaintiff did not include a section entitled "Statement of Additional Disputed Facts" in his response as required by this Court's Practice Standards.  *See* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.F.3.b.v.  He did, however, assert in the body of his response, with a citation to his deposition testimony, that he told defendant not to call him at work.  In its reply, defendant addresses this contention.  Therefore, despite plaintiff's failure to properly assert the fact, the Court will address it here.

[3]*See Harkey*, 333 F.3d at 773 ("It is true . . . that saying 'I cannot talk with you at work' could conceivably be understood to mean something other than 'my employer forbids me from talking with you at work.'  It could, for example, mean 'I do not wish to talk with you at work' or 'I am too busy to talk with you at work.'  But this observation does not create an issue of material fact because . . . the FDCPA exists to protect the unsophisticated consumer.  Unsophisticated consumers, whatever else may be said about them, cannot be expected to assert their § 1692c(a)(3) rights in legally precise phrases.  It is therefore enough to put debt collectors on notice under § 1692c(a)(3) when a consumer states in plain English that she cannot speak to the debt collector at work.") (citations omitted).

A.  Yes, they did.
Q.  Did you say in plain English that you could not talk at work and you wanted
them to call you on your private number?
A.  Yes.
Q.  And after you told this person that, that same person to your knowledge –
A.  Uh-huh
Q.  – called you on your work number?
A.  Yes.

Docket No. 17-1 at 14 (Sirovatka Depo. at 55 l. 25 - 56 l.14.).

Defendant argues that this evidence is insufficient to survive summary judgment

because plaintiff is "unable to recall a specific date for any phone call he received."

Docket No. 17 at 9.  Defendant further points out that plaintiff recalls that the phone

calls occurred in October 2010 when defendant's account notes indicate that the calls

did not commence until November 2010.  *See* Docket No. 20 at 6 ("Without

corroborating phone records or specific evidence, Plaintiff's self-serving testimony does

not create a genuine issue of fact.").  The Court does not agree with defendant that

plaintiff's testimony is "vague" or insufficiently "specific."  Plaintiff clearly answered "yes"

to a question specifically framed to address the relevant legal issue in his § 1692c(a)(3)

claim.

Defendant further argues that plaintiff "cannot provide evidence to corroborate

his testimony," Docket No. 17 at 9, and that the "self-serving" nature of the testimony

renders it inadequate to survive summary judgment, citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242 (1986).[4]  The *Anderson* court did make clear that the "mere

---

[4]*See Arrington v. United States*, 473 F.3d 329, 342-43 (D.C. Cir. 2006) ("While it
is admittedly not the duty of district courts to weigh the credibility of the parties'
testimony at the summary judgment stage, in the rare circumstance where the plaintiff
relies almost exclusively on his own testimony, much of which is contradictory and
incomplete, it will be impossible for a district court to determine whether the jury could

6

existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  Defendant, however, does not persuasively explain why, in light of the nature of this particular factual issue, the testimony of plaintiff regarding the substance of a two-person conversation in which he participated is insufficient.[5]  This is not a case where summary judgment is appropriate because "plaintiff's claim is supported solely by the plaintiff's own self-serving testimony, unsupported by corroborating evidence, and undermined either by other credible evidence, physical impossibility or other persuasive evidence that the plaintiff has deliberately committed perjury." *Johnson v. Wash. Metro. Area Transit Auth.*, 883 F.2d 125, 128 (D.C. Cir. 1989), *abrogated on other grounds by Belton v. Washington Metropolitan Area Transit Authority*, 20 F.3d 1197, 1200 (D.C. Cir. 1994).  Defendant's arguments regarding the lack of corroboration and the "self-serving" nature of the testimony go to the testimony's weight, but do not undermine it sufficiently to preclude a jury from believing plaintiff.  *See Berry v. Chicago Transit Authority*, 618 F.3d 688, 691 (7th Cir. 2010) ("[W]e long ago buried – or at least tried to bury – the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.'  If based on personal knowledge or firsthand experience, such testimony can be evidence of disputed material facts.  It is

---

reasonably find for the plaintiff, and thus whether there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account.") (citation and quotation marks omitted)

[5]For instance, defendant points out that plaintiff did not supply phone records. Phone records might corroborate certain assertions regarding the dates and times of phone calls but would not necessarily provide any insight into the substance of such calls.

not for courts at summary judgment to weigh evidence or determine the credibility of such testimony; we leave those tasks to factfinders."). "[H]owever self-serving and uncorroborated [plaintiff's] testimony may be, it is perfectly good evidence" that plaintiff asked defendant not to call him again at work and that, despite so asking, defendant did call plaintiff at work. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 636 (7th Cir. 2011). Consequently, the Court will deny defendant's request for summary judgment on plaintiff's claims pursuant to § 1692c(a)(3) of the FDCPA and § 12-14-105(1)(c) of the CFDCPA.

As a final note, plaintiff named ten unidentified defendants in his amended complaint. *See* Docket No. 6 at 2, ¶ 6 ("Does 1-10 (the 'Collectors') are individual collectors employed by Budget and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery."). Plaintiff has not amended his complaint to identify any of the Collectors. Nor has he apparently served any of these individuals. Discovery is now closed in this case, and plaintiff has had more than ample time to name and serve these individuals. Therefore, the Court will dismiss all of plaintiff's claims against the unidentified defendants. See Fed. R. Civ. P. 4(m) (providing for dismissal without prejudice for failure to serve a defendant in a timely fashion); *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (observing that dismissal may be appropriate when unnamed defendants remain unidentified for a lengthy period of time).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's motion for summary judgment [Docket No. 17] is GRANTED in part and DENIED in part.  Defendant is entitled to summary judgment on plaintiff's claims pursuant to § 1692c(a)(1) of the FDCPA and § 12-14-105(1)(a) of the CFDCPA, which the final judgment in this case shall reflect.  It is further

**ORDERED** that plaintiff's claims pursuant to § 1692c(a)(3) of the FDCPA and § 12-14-105(1)(c) of the CFDCPA survive as to defendant Budget Control Services, Inc. only.  It is further

**ORDERED** that plaintiff's claims against Budget Control Services, Inc. pursuant to 15 U.S.C. §§ 1692d(2), 1692d(6), 1692e(5), 1692e(10) & 1692e(11) and Colo. Rev. Stat. §§ 12-14-106(1), 12-14-106(1)(f), 12-14-107(1), 12-14-107(1)(e) & 12-14-107(1)(l) are dismissed as moot pursuant to the parties' October 25, 2011 status report [Docket No. 25].  It is further

**ORDERED** that all of plaintiff's claims against defendants Does 1-10 are dismissed.

DATED February 24, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge